IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MARY WICKENKAMP,**                        3:13-CV-00152-BR

        **Plaintiff,**

                                        OPINION AND ORDER

**v.**

**BRUCE HAMPTON, VENESE HAMPTON,
SCOTT HAMPTON, D. RAHN
HOSTETTER, D. ZACHARY
HOSTETTER, REBECCA A. KNAPP,
JOHN DOE NO. 1, and JOHN DOE
NO. 2,**

        **Defendants,**


**MARY WICKENKAMP**
1801 College Drive
Victoria, TX 77901
(361) 579-9338

        Plaintiff, *Pro Se*


1 - OPINION AND ORDER

**BROWN, Judge.**

IT IS ORDERED that the provisional *in forma pauperis* status given Plaintiff Mary Wickenkamp is confirmed. For the reasons set forth below, however, the Court **DISMISSES** Plaintiff's Complaint without service of process on the ground that Plaintiff fails to allege facts sufficient to state a claim.

## BACKGROUND

Plaintiff brings this action *pro se* and alleges claims against Defendants for violation of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c) and 1964(c); intentional infliction of emotional distress; slander by false light and defamation; violation of 18 U.S.C. §§ 2511 and 2520; and violation of Oregon's Unfair Trade Practices Act (UTPA) §§ 646.607 and 646.638.

## DISCUSSION

Federal Rule of Civil Procedure 8(a) generally provides a pleading that sets forth a claim must contain "a short and plain statement of the claim showing the pleader is entitled to relief."

Federal Rule of Civil Procedure 9(b), however, requires all allegations of fraud to be stated "with particularity." The heightened pleading standard of Rule 9(b) also applies to RICO

2 - OPINION AND ORDER

claims that include allegations of fraudulent activities as predicate acts of racketeering. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).

To satisfy the additional burdens imposed by Rule 9(b), the plaintiff must allege "the time, place and nature of the alleged fraudulent activities." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995)(quotation omitted). In addition, Rule 9(b)

> does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.

*Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quotation omitted). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Id.* at 765 (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

In her 49-page Complaint, Plaintiff makes numerous factual allegations as to various Defendants spanning a twelve-year period. Plaintiff, however, fails to plead with particularity the manner in which Defendants' alleged predicate acts and alleged fraudulent activities were directed at Plaintiff. The vast majority of Plaintiff's allegations involve Defendants' actions directed at Llyod Trackwell, who is not a party to this action. The sole factual allegations in Plaintiff's Complaint

3 - OPINION AND ORDER

related to Defendants' actions directed towards her are as follows:

> By early 2009 Plaintiff had begun assisting Lloyd Trackwell with the reporting of criminal conduct engaged in by the Hamptons and others to state and federal authorities. She did this by organizing and cataloguing information and documents provided to her by Lloyd Trackwell and sending it to various agencies as directed.
>
> * * *
>
> From sometime in 2006 through 2012 Lloyd Trackwell reported to federal law enforcement authorities evidence of crimes committed by Bruce Hampton, Venese Hampton, Scott Hampton, Marilyn Suarez, Rahn Hostetter, Rebecca Knapp, Zachary Hostetter and others. Sometime in 2009 Plaintiff began assisting Lloyd Trackwell with those reports. Plaintiff took documents and information provided by Lloyd Trackwell, organized them and passed that information along to federal law enforcement agencies and federal regulatory agencies. Because of the reports to federal authorities, both Trackwell and Plaintiff are persons protected under 18 U.S. C. 1513.
>
> The Defendants, and each of them, conspired to and did engage in a pattern of conduct directed at Lloyd Trackwell and Plaintiff that is in violation of 18 U.S.C. 1513(e).[1]  Said conduct is and was intended to unlawfully retaliate against Trackwell and Plaintiff and also is in furtherance of Defendants' overall goal for the racketeering enterprise which is to avoid prosecution for their criminal conduct and continue to perpetrate frauds which generate financial rewards. Those acts include:

---

[1] There is not any private right of action for violation of 18 U.S.C. § 1513. *See, e.g., Hines v. Ca. Public Utilities Com'n*, No. C-10-2813 EMC, 2010 WL 4691652, at *6 (N.D. Cal. Nov. 8, 2010); *Nordbrock v. United States*, 96 F. Supp.2d 944, 948 (D. Ariz. 2000).

4 - OPINION AND ORDER

>    A.   Pattern of illegal wiretapping in violation of 18 U.S.C. 2511 whereby telephone conversations of Lloyd Trackwell were illegally monitored and the content thereof disseminated among members of the Enterprise. The communications illegally monitored included those between Trackwell and Plaintiff, between Trackwell and law enforcement, between Trackwell and third Parties.
>
>    * * *
>
>    Since sometime in late 2009 or early 2010 the Defendants herein became aware of Plaintiff's assistance to Lloyd Trackwell in reporting Defendants' criminal conduct to federal authorities and Defendants began to engage in a pattern of retaliation against Plaintiff in violation of 18 U.S.C. 1513(e), which such conduct included:
>
>    A.   Circulating false and defamatory accusations that Plaintiff engaged in criminal conduct;
>
>    B.   Circulating false and defamatory allegations that Plaintiff was involved in criminal racketeering conduct;
>
>    C.   Taking statements by and about Plaintiff out of context in order to portray Plaintiff in a deliberately false light.

Compl. at ¶¶ 55, 59-61.

As noted, there is not any private right of action for violation of 18 U.S.C. § 1513. Plaintiff, therefore, may not bring a claim for violation of that statute. In addition, Plaintiff does not identify the allegedly false accusations, allegations, or statements with specificity as required under Rule 9(b).

5 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (#1) and **DISMISSES** Plaintiff's Complaint **without prejudice**.

Plaintiff may file an amended complaint to cure the deficiencies noted above **no later than February 28, 2013.** The Court advises Plaintiff that failure to file an amended complaint by February 28, 2013, that cures such deficiencies shall result in the final dismissal of this proceeding without prejudice.

IT IS SO ORDERED.

DATED this 30th day of January, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER