IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY WICKENKAMP,                                    3:13-CV-00152-BR

        Plaintiff,                              OPINION AND ORDER

v.

BRUCE HAMPTON, VENESE HAMPTON,
SCOTT HAMPTON, D. RAHN
HOSTETTER, D. ZACHARY
HOSTETTER, REBECCA A. KNAPP,
JOHN DOE NO. 1, and JOHN DOE
NO. 2,

        Defendants.


MARY WICKENKAMP
1801 College Drive
Victoria, TX 77901
(361) 579-9338

        Plaintiff, *Pro Se*

SCOTT HAMPTON
P.O. Box 864
Joseph, OR 97846

        Defendant, *Pro Se*

1 - OPINION AND ORDER

**THOMAS C. PEACHEY**
401 E. Third Street, Suite 105
P.O. Box 2190
The Dalles, OR 97058
(541) 296-6375

        Attorney for Defendants D. Rahn Hostetter, D. Zachary
        Hostetter, and Rebecca J. Knapp

**BROWN, Judge.**

        This matter comes before the Court on the Motion (#35) to

Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) of Defendants D.

Rahn Hostetter, D. Zachary Hostetter, and Rebecca J. Knapp and

the Motion (#44) to Dismiss of Defendant Scott Hampton.  For the

reasons that follow, the Court **GRANTS** Defendants' Motions and

**DISMISSES without prejudice** Plaintiff's claims against Rahn

Hostetter, Zachary Hostetter, Knapp, and Hampton.


                        <u>**BACKGROUND**</u>

        On January 28, 2013, Plaintiff Mary Wickenkamp filed a *pro*

*se* Complaint in this Court in which she alleged claims against

Defendants for violation of the Racketeering Influenced and

Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c) and

1964(c); intentional infliction of emotional distress; slander by

false light and defamation; violation of 18 U.S.C. §§ 2511 and

2520; and violation of Oregon's Unfair Trade Practices Act

(UTPA), Oregon Revised Statute §§ 646.607 and 646.638.

        On January 30, 2013, the Court issued an Opinion and Order

in which it granted Plaintiff's Application to Proceed *In Forma Pauperis*, but dismissed Plaintiff's Complaint with leave to file an amended complaint curing the deficiencies set out in the Court's Opinion and Order.

On March 19, 2013, Plaintiff filed an Amended Complaint asserting claims against Defendants for violation of RICO, 18 U.S.C. §§ 1962(c) and 1964(c); violation of Oregon's Racketeering Influenced and Corrupt Organizations Act (ORICO), Oregon Revised Statutes §§ 166.720 and 166.725; intentional infliction of emotional distress; slander by false light and defamation; violation of 18 U.S.C. § 2511; and violation of the UTPA, Oregon Revised Statute §§ 646.607 and 646.638.

The Court granted Plaintiff several extensions of time to file proofs of service.  On July 30, 2013, the Court entered an Order requiring Plaintiff to file proofs of service and a status report as to service no later than September 30, 2013.

On September 23, 2013, three Summons and copies of Plaintiff's First Amended Complaint addressed to D. Rahn Hostetter, D. Zachary Hostetter, and Rebecca A. [*sic*] Knapp were delivered via certified mail to the offices of the Hostetter Law Group LLP and the Knapp Law Office in Enterprise, Oregon.  The certified mailings for D. Rahn Hostetter and D. Zachary Hostetter were signed for by legal assistant Tami Phinney.  The certified mailing for Rebecca Knapp was signed for by legal assistant

Marilyn Harman.  Defendants Rahn Hostetter, Zachary Hostetter, and Knapp testify in their Declarations that they have never received any Summons or copies of Plaintiff's First Amended Complaint via first-class mail at their dwellings, usual places of abode, or regular places of business.

Also on September 23, 2013, Scott Hampton signed for a certified mailing of the Summons and Amended Complaint at the Joseph, Oregon, post office.  Hampton states in his Declaration that he never received any Summons or copies of Plaintiff's First Amended Complaint via first-class mail.

On October 14, 2013, Rahn Hostetter, Zachary Hostetter, and Knapp filed a Motion to Dismiss Plaintiff's claims against them for insufficient service of process.

On October 15, 2013, Hampton filed a Motion to Dismiss Plaintiff's claims against them for insufficient service of process.

On December 20, 2013, the Court entered an Order directing Plaintiff to file a response to Defendants' Motions no later than January 10, 2014.

Plaintiff did not file any response to Defendants' Motions, and the Court took this matter under advisement on January 10, 2014.

## DISCUSSION

Federal Rule of Civil Procedure 4(e)(1) and (2) provides individuals within the Judicial District of the United States may be served either "pursuant to the law of the state in which the district court is located" or "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling . . . with some person of suitable age . . . then residing therein or by delivering a copy . . . to an agent authorized by appointment or by law to receive service of process."

It is undisputed that Plaintiff did not deliver copies of the Summons and Amended Complaint to Rahn Hostetter, Zachary Hostetter, Knapp, or Hampton personally.  In addition, Rahn Hostetter, Zachary Hostetter, and Knapp testify in their Declarations that they did not receive copies of the Summons and Amended Complaint at their dwellings or usual places of abode and that the individuals who signed the certified mailing receipts are not agents authorized to accept service on their behalf. Hampton also testifies in his Declaration that he did not receive a copy of the Summons and Amended Complaint at his dwelling or usual place of abode.  Plaintiff, therefore, did not serve Rahn Hostetter, Zachary Hostetter, Knapp, or Hampton pursuant to Federal Rule of Civil Procedure 4(e)(2).

As noted, Federal Rule of Civil Procedure 4(e)(1) also

permits service on individuals pursuant to the law of the state in which the district court is located.   Oregon permits service on individual defendants by mail as prescribed in Oregon Rule of Civil Procedure 7D(3)(a), which provides in pertinent part:

> Service may also be made upon an individual
> defendant . . . by a mailing made in accordance
> with paragraph (2)(d) of this section provided the
> defendant signs a receipt for the certified,
> registered, or express mailing, in which case
> service shall be complete on the date on which the
> defendant signs a receipt for the mailing.

Oregon Rule of Civil Procedure 7D(2)(d), in turn, provides in pertinent part:

> [S]ervice by mail shall be made by mailing true
> copies of the summons and the complaint to the
> defendant by first class mail and by any of the
> following:  certified, registered, or express mail
> with return receipt requested. For purposes of
> this section, "first class mail" does not include
> certified, registered, or express mail, return
> receipt requested, or any other form of mail which
> may delay or hinder actual delivery of mail to the
> addressee.

As noted, Defendants Rahn Hostetter, Zachary Hostetter, and Knapp did not sign the receipt for the delivery of the certified mail containing the Summons and copies of the Amended Complaint. In addition, Rahn Hostetter, Zachary Hostetter, and Knapp testify in their Declarations that the individuals who signed the certified mailing receipts are not agents authorized to accept service on their behalf.  Finally, Rahn Hostetter, Zachary Hostetter, and Knapp testify in their Declarations that they never received the Summons or copies of the Amended Complaint via

6 - OPINION AND ORDER

first-class mail.  Similarly, Hampton testifies in his
Declaration that he never received the Summons or copies of the
Amended Complaint via first-class mail.

The Court, therefore, concludes Plaintiff failed to properly
serve Rahn Hostetter, Zachary Hostetter, Knapp, or Hampton
pursuant to Federal Rule of Civil Procedure 4(e).  Accordingly,
the Court grants Defendants' Motions to Dismiss and dismisses
Plaintiff's claims against Rahn Hostetter, Zachary Hostetter,
Knapp, and Scott Hampton without prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** the Motion (#35) to
Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) of Defendants D.
Rahn Hostetter, D. Zachary Hostetter, and Rebecca J. Knapp,
**GRANTS** the Motion (#44) to Dismiss of Defendant Scott Hampton,
and **DISMISSES without prejudice** Plaintiff's claims against Rahn
Hostetter, Zachary Hostetter, Knapp, and Scott Hampton.

IT IS SO ORDERED.

DATED this 24th day of February, 2014.

                                    /s/ Anna J. Brown
                              ANNA J. BROWN
                              United States District Judge